UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Lucinda R. Callender, Ph.D.**

      **Plaintiff,**

v.                                                                                            **Case No.  3:07-cv-208**
                                                                                                   **Judge Thomas M. Rose**

**Wilberforce University, et al.,**

      **Defendants.**

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 14), DENYING PLAINTIFF'S MOTION FOR REMAND (Doc. 10) AND TERMINATING CASE.**

---

This matter is before the Court for decision on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the Pleadings (Doc. 14) and Plaintiff's Motion to Remand (Doc. 10).  The instant case stems largely from the termination of Plaintiff Lucinda Callender (Callender) from her employment at Defendant Wilberforce University (Wilberforce). Defendant Dr. Floyd Flake (Flake) is the President of Wilberforce. Callender asserts three claims: (1) negligence, (2) intentional infliction of emotional distress, and (3) wrongful termination in violation of public policy.  Defendants removed these claims to federal court based on the notion that section 301 of the Labor-Management Relations Act ("LMRA § 301" or "section 301") preempts each claim and, thus, federal substantive law controls these claims.  Doc. 2. Defendants then moved this Court to dismiss all three claim because (1) they are preempted by

-1-

LMRA § 301; or alternatively, (2) each claim fails to state a claim for relief.

LMRA § 301 preempts Callender's negligence claim because it requires interpretation of the "just cause" provision of the collective bargaining agreement (CBA), which is governed by federal substantive law. LMRA § 301 also preempts Callender's intentional infliction of emotional distress claim because a determination of "outrageous" conduct would require interpretation of the "just cause" provision of the CBA. Since there has already been a decision on the merits of Wilberforce's conduct under the terms of the CBA, res judicata bars these two claims. Finally, Callender's wrongful termination claim fails to state a claim for relief because this claim is not available to union members. Therefore, all three claims will be dismissed.

## I. Findings of Fact

Plaintiff Callender was a full-time Professor for Wilberforce University and a member of the Wilberforce University Faculty Association (WUFA), the labor organization representing Wilberforce's full-time faculty. (Mitchell Dec. ¶ 2). Wilberforce and WUFA are parties to a collective bargaining agreement (CBA), which includes, among other things, the terms and conditions of employment for full time faculty members and a "just cause" requirement for dismissal. (Mitchell Dec., Ex. A).

On June 7, 2005, Wilberforce initiated a formal dismissal proceeding against Callender under provisions of the CBA. Callender, however, considered her discharge to be without just cause. Doc. 3 at ¶ 7. Callender and WUFA contested her discharge pursuant to the Grievance Procedure and Arbitration provisions of the CBA, and when the grievance procedure failed to produce a solution, the parties agreed to arbitrate the dispute. The arbitrator sustained

Callender's grievance, finding there was no "just cause" for Callender's discharge under the CBA and ordered a make-whole remedy. (Mitchell Dec., Ex. B).

Callender then initiated the instant action in state court. In her first claim, Callender asserts that "Defendants had a duty not to terminate [her] without just cause" and that Defendants acted negligently in terminating her without just cause. Doc. 3 at ¶¶ 14-15. In her second claim for relief, Callender asserts that:

> 20. Defendants intentionally suspended and terminated [her] . . .
>
> 21. Defendants['] suspension and termination of [her employment] included the express purpose of inflicting intentional emotional distress.

Id. at ¶¶ 20-21. In her third claim for relief, Callender alleges that she was "wrongfully discharged from employment, in violation of public policy, by Defendants." Id. at ¶ 24. Defendants removed this case to federal court on the basis that all three claims were preempted by LMRA § 301.

**II.    Opinion**

    A.    Remand Issue

Callender argues that this Court should remand all three claims back to state court because this Court lacks subject matter jurisdiction over these claims. Doc. 10 at pp. 2-3. Defendants argue that all three claims are preempted by LMRA § 301 and that such claims therefore have federal question jurisdiction. Doc. 2.

Under the "well-pleaded complaint" rule, courts decide whether the complaint "presents a federal question on its face." *Klepsky v. UPS*, 489 F.3d 264, 269 (6th Cir. 2007). Where

-3-

federal law is invoked as a defense to the allegations made in the complaint, this is "generally not enough to justify removal to federal court." *Id.*  However, an exception to the "well-pleaded complaint" rule is where federal law completely preempts state law on the relevant subject matter. *Id.*  In other words, a claim preempted by section 301 "serves as the federal claim that would ordinarily appear on the face of the well-pleaded complaint." *Valinski v. Edison*, 197 Fed. Appx. 403, 407 (6th Cir. 2006); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968) (explaining that since substantive federal law governs claims preempted by section 301, the claim arises "under the 'laws of the United States' within the meaning of the removal statute."). The preemptive effect of the Labor-Management Relations Act on the interpretation of a collective bargaining agreement constitutes complete preemption over state law. *Id.*  Thus, if LMRA § 301 preempts any of Callender's claims, the claim has federal question subject matter jurisdiction over the claim and removal was proper.

    B.    Analysis

        1.    Negligence

In her complaint, Callender asserts that Defendants "had a duty not to terminate Plaintiff without just cause." Doc. 3 at ¶ 14.  Defendants argue that LMRA § 301 preempts this state law claim because it requires interpretation of the "just cause" provision of the CBA.  Doc. 14 at pp. 9-10.

LMRA § 301 provides a cause of action for any "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."

29 U.S.C. § 185(a). Federal substantive law governs all actions covered by section 301. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456 (1957). Congressional power to preempt state law is derived from the Supremacy Clause of the Constitution, Article VI, clause 2. *Allis-Chalmers Corp. V. Lueck*, 471 U.S. 202, 208 (1985). LMRA § 301 preempts "any state-law cause of action for violation of collective-bargaining agreements." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368 (1990). Section 301 also preempts any state law claim that is "substantially dependent on analysis of a collective bargaining agreement," including state law tort actions. *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799-800 (6th Cir. 1990). However, section 301 does not preempt state law claims that only "'tangentially' involve CBA provisions." *Id.*

In the instant case, resolution of Callender's state law negligence claim is substantially dependent on an analysis of the collective bargaining agreement between her and Wilberforce. Although Callender alleges that Defendants had a duty to terminate only when there is "just cause," she has failed to prove that such a duty exists in Ohio independently of the contract. Thus, the decision whether Defendants negligently breached the CBA would require interpretation of the "just cause" provision in the CBA. Therefore, LMRA § 301 preempts Callender's negligence claim.

The fact that section 301 preempts this claim has two implications. First, removal of this claim was proper since LMRA § 301 preemption is an exception to the "well-pleaded complaint" rule, treating the claim as arising under federal question jurisdiction. Second, where there has

already been a decision on the merits of a claim, res judicata bars the claim. *Pearson v. Int'l Union*, 99 Fed. Appx. 46, 54 (6th Cir. 2004). Since Callender has already successfully contested the University's decision to terminate her employment under the terms of the collective bargaining agreement, res judicata bars this claim. Therefore, this claim will be dismissed.

        2.        Intentional Infliction of Emotional Distress

In her complaint, Callender asserts that Defendants' decision to suspend and later terminate her employment constitutes the intentional infliction of emotional distress. Doc. 3 at ¶¶ 20-21. Defendants argue that LMRA § 301 preempts this state law claim because a determination of what constitutes "outrageous" conduct requires interpretation of the CBA. Doc. 14 at pp. 10-12.

In Ohio, a person is liable for the intentional infliction of emotional distress when he or she "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Kovacs v. Bauer*, 80 Ohio St. 3d 1224, 1227 (1998). For conduct to be considered "extreme and outrageous," it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Yeager v. Local Union 20, Teamsters*, 6 Ohio St. 3d 369, 375 (1983). A person does not become liable by simply "insist[ing] upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." *Id.* at 1227 (citing Restatement of Torts 2d at 76, Section 46, Comment g).

Where resolution of a state law cause of action cannot be resolved without "resolution of the 'merits' of the underlying labor dispute," it is preempted by LMRA § 301. *Farmer v. United Bhd. of Carpenters*, 430 U.S. 290, 304 (1977). In *Farmer*, the plaintiff claimed that his union

-6-

had discriminated against him and that it had intentionally inflicted emotional distress upon him. *Id.* at 293. The alleged factual basis of plaintiff's discrimination claim related to the union's referrals of members from the hiring hall; the alleged factual basis of his emotional distress claim was "a campaign of personal abuse and harassment." *Id.* at 292.

The *Farmer* Court held that plaintiff's emotional distress claim was not preempted by LMRA § 301 because it "need not consider, much less resolve, whether a union discriminated or threatened to discriminate against" the plaintiff to resolve the tort claim. *Id.* at 353. The Court explained that an IIED claim will survive preemption if it is either (1) unrelated to the underlying employment dispute; or (2) "a function of the particularly abusive *manner*" in which the conduct alleged in the underlying dispute is accomplished or threatened. *Id.* at 305 (emphasis added). The conduct of the underlying labor dispute "cannot itself form the underlying 'outrageous' conduct on which the state-court tort action is based; to hold otherwise would undermine the preemption doctrine." *Id.* The Court held that since the allegations concerning plaintiff's emotional distress claim (personal abuse and harassment) were unrelated to the allegations concerning his labor dispute claims (lack of referrals or improper referrals), the emotional distress claim involves that "something more" to survive preemption. *Id.*

Where a former employee's IIED claim is based on the employer's suspension and termination of the employee, LMRA § 301 preempts the claim. *Curry v. Great Lakes Steel Div.*, 767 F.2d 919 (6th Cir. 1985). In *Curry*, plaintiff's employer suspended plaintiff and eventually discharged her on grounds of a history of misconduct and for collection of unemployment benefits despite her ability to work. *Id.* The plaintiff asserted three claims: (1) wrongful discharge; (2) defamation; and (3) intentional infliction of emotional distress. *Id.* Applying

*Farmer*, the Sixth Circuit held that plaintiff's emotional distress claim was preempted by LMRA § 301. *Id.* The Court explained that "the alleged tortious acts by the Union all relate to their duty to represent plaintiff fairly under the collective bargaining agreement" and are not the function of "a particularly abusive manner of discrimination." *Id.*

In the instant case, the tortious acts alleged by Callender (her suspension and termination) relate to the duties and rights under the collective bargaining agreement. Unlike the allegations in *Farmer*, Callender does not allege some set of facts, such as personal abuse and harassment, that are unrelated to the underlying employment dispute. Nor does she allege facts that concern the "manner" of Defendants' suspension and termination. Rather, to determine whether Defendants' conduct was "outrageous," this Court must examine whether Callender's suspension and termination was proper under the collective bargaining agreement.[1] Since Callender alleges that the suspension and termination constitute the underlying "outrageous" conduct, her emotional distress claim cannot be resolved without resolution of the merits of her underlying labor dispute. Therefore, LMRA § 301 preempts Callender's second claim for relief asserting intentional infliction of emotional distress.

As with Callender's negligence claim, preemption of this claim means that removal was proper and res judicata bars this claim. Therefore, this claim will be dismissed.

    3.    Wrongful Termination

Finally, Callender asserts that she was "wrongfully discharged from employment, in violation of public policy." Doc. 3 at ¶ 24. Callender does not identify which public policy has

---

[1] Defendants are not liable for emotional distress if they "insist[] upon [their] legal rights in a permissible way." *Yeager*, 6 Ohio St. 3d at 1227

-8-

been violated. Defendants argue that this claim is preempted by LMRA § 301. Doc. 14 at pp. 12-13. Alternatively, Defendants argue that this claim fails to state a claim for relief. Doc. 14 at p. 16.

### a. Preemption

LMRA § 301 does not preempt an action for wrongful termination in violation of Ohio public policy unless plaintiff seeks specific performance as relief for this claim. *Klepsky v. UPS*, 489 F.3d 264, 270 (6th Cir. 2007). In *Klepsky*, the plaintiff employee alleged wrongful termination in violation of public policy after being terminated by his employer. *Id.* at 268. Defendant argued that LMRA § 301 preempts the wrongful termination claim. *Id.* The Court found that "[u]nion membership can be a relevant defense to a wrongful termination claim based on Ohio public policy." *Id.* at 270. However, the Court held that the availability of this defense is not enough to render the cause of action preempted by LMRA § 301. *Id.* In fact, the Court explained, since the cause of action is only available to at-will employees, it actually *avoids* interference with "the uniform interpretation of federal labor law, which is the driving rationale behind the doctrine of complete preemption." *Id.* However, because the plaintiff sought reinstatement as a remedy to its wrongful termination claim, the Court held that LMRA § 301 preempted the claim. *Id.* The Court explained that reinstatement is not available under the traditional state law action and a request for such equitable relief "would, at a minimum, seem to implicate such rights and require interpretation of the CBA." *Id.*

In the instant case, Callender does not seek reinstatement or other such specific performance as relief for her wrongful termination claim. Doc. 3 at p. 4 (requesting relief in the form of compensatory damages, punitive damages, costs incurred, and reasonable attorney fees).

Although Callender is a member of the union that represents Wilberforce faculty, Wilberforce's assertion of this fact as a defense is not sufficient to render this claim preempted by section 301. Therefore, Callender's claim for wrongful termination in violation of public policy survives preemption. As such, this Court does not have federal question subject matter jurisdiction over this claim on the basis of section 301 preemption.

b. Failure to State a Claim for Relief

Defendants argue that Callender's wrongful termination claim must be dismissed with prejudice for failure to state a claim for relief. Doc. 14 at p. 16. However, before deciding this issue, this Court must determine whether it has subject matter jurisdiction over the claim and, thus, whether remand is proper. *Husvar v. Rapoport*, 337 F.3d 603, 609 (6 Cir. 2003); *see also Stevens v. Taser Int'l, Inc.*, 2006 U.S. Dist. LEXIS 3944 at **10-11 (S.D. Ohio 2006) (explaining that questions of jurisdiction "should be given priority" because "'[a] motion questioning subject matter jurisdiction must be considered before other challenges' before the court."). If this Court does not have subject matter jurisdiction over the claim, it must be remanded to state court. *Id.*

Although this claim does not arise under diversity jurisdiction or federal question jurisdiction, this Court has supplemental jurisdiction over the claim. 28 U.S.C. § 1367(a). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" and allows federal courts to retain jurisdiction. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Because all of Callender's claims relate to Wilberforce's suspension and termination of her employment, her wrongful termination claim forms "part of the same case or controversy" as her other two claims, which arise under federal question jurisdiction. Id. Therefore, removal of this claim was proper and this Court has discretion to choose to exercise jurisdiction and decide

-10-

whether the claim fails to state a claim for relief. The Court will exercise its discretion to assert supplemental jurisdiction.

A union member fails to state a claim for relief for wrongful termination in violation of Ohio public policy. *Haynes*, 73 Ohio St. 3d at 258 (explaining that the public policy exception to the employment-at-will doctrine only applies to employees at will). Since Callender is a member of the union that represents all full-time faculty members at the University, she is a bargaining unit employee and not an at-will employee. Thus, she is not entitled to claim public policy violations associated with her discharge from employment. Therefore, Callender's third claim of relief fails to state a claim for relief and will be dismissed.

## III.    Conclusion

For reasons herein stated, the Court hereby **GRANTS** Defendant's Motions to Dismiss for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings (Doc. 14) and **DENIES** Plaintiff's Motion to Remand (Doc. 10). LMRA § 301 preempts Callender's negligence claim because it requires interpretation of the "just cause" provision of the collective bargaining agreement, which is governed by federal substantive law. Because this claim arises under federal law, this Court has jurisdiction over the claim and removal was proper.

LMRA § 301 also preempts Callender's intentional infliction of emotional distress claim because a determination of "outrageous" conduct would require interpretation of the "just cause" provision of the CBA and because Callander has not alleged that she was terminated in a particularly abusive manner. Because this claim also arises under federal law, removal was proper. Finally, Callender's wrongful termination claim fails to state a claim for relief because this claim is not available to union members. Because this Court has supplemental jurisdiction

over this claim, remand is not required. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, Tuesday, December 4, 2007.[2]

s/Thomas M. Rose

_____

THOMAS M. ROSE

UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges the valuable contribution and assistance of judicial intern Christopher E. Cotter in drafting this opinion.