## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**Lucinda R. Callendar, Ph.D.,**

    *Plaintiff*,

v.                                                                     **Case No.  3:07-cv-208**
                                                                               **Judge Thomas M. Rose**

**Wilberforce University, Dr. Floyd Flake,**

    *Defendants*.

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.  DOC. 21.**

---

Pending before the Court is Plaintiff's Motion for Reconsideration.  Doc. 21.  Plaintiff's complaint asserted claims of wrongful termination, negligent termination and intentional infliction of emotional distress, stemming from what Plaintiff described as Defendant's decision to terminate her employment without just cause.  Defendant filed a motion to dismiss the complaint, on the theory that all these claims were preempted by the Labor Management Relations Act and the fact that Plaintiff had already brought a grievance under the collective bargaining agreement.  Doc. 14.  Now, Plaintiff asserts that the Court's order on Defendant's Motion to Dismiss, doc. 19, is inconsistent with *Callender v. Wilberforce University*, 2000-cv-474 (Greene County, Ohio, Court of Common Pleas 2000)(Rose, J.).  It appears that, in this earlier case between the parties, resulting from a prior attempt by Defendant to terminate Plaintiff's employment, a cause of action brought by Plaintiff was found to not be preempted by the instant CBA.

Generally, there are three situations which justify reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *Dualite Sales & Serv., Inc. v. Moran Foods, Inc.*, 2005 WL 2372847, at *1 (S.D. Ohio Sept. 26, 2005) (citing *In re Continental Holdings, Inc.*, 170 B.R. 144, 146 (Bankr. N.D. Ohio 1992)). Nevertheless, a " Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." See *Brown v. City of Syracuse*, 2005 WL 2033492, at *1-2 (N.D.N.Y. Aug. 17, 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Pro. § 2810.1 (2d ed. 1995) (footnotes omitted)).

It is beyond cavil that Plaintiff's wrongful termination and negligent termination claims are preempted. Generously allowing that Plaintiff asserts a clear error of law has occurred with regard the intentional infliction of emotional distress claim, the Court will restate the case law relied upon in its original opinion:

> The Supreme Court addressed a similar preemption issue in *Farmer v. United Brotherhood of Carpenters and Joiners, Local 25*, 430 U.S. 290 (1977). In reviewing the possible preemption of a state claim for intentional infliction of emotional distress in an action generally asserting discriminatory practices in a union hiring hall, the Court conducted an inquiry into the federal and state interests in the regulation of the conduct complained of and the potential for interference with federal labor law if the state cause of action were permitted to proceed. The Court found that no federal law protected the plaintiff therein from the 'outrageous conduct' complained of and concluded that permitting the assertion of the state tort action would not result in state regulation of federally protected conduct. The Court cautioned, however, that its holding applied only to allegations of state torts that are 'either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.' 430 U.S. at 305 (footnote omitted).

> In this case, the tortious acts specified in plaintiff's complaint all relate to the alleged improper bases for the Company's decisions to order plaintiff to return to work in April, 1980, and to discharge her in November, 1980. Those decisions were properly subject to the grievance procedures under the collective bargaining agreement.

*Curry v. Great Lakes Steel Div.*, 1985 WL 13369, 2 (6th Cir. 1985).

Similarly, in this case, Plaintiff alleges an Intentional Infliction of Emotional Distress cause of action grounded entirely in Defendant's decision to terminate Plaintiff's employment:

> 18. Defendants knew that Plaintiff had been selected as the faculty representative to the Board of Trustees at Wilberforce University.
>
> 19. As the faculty representative to the Board of Trustees of Wilberforce University, Plaintiff had the duty and privilege of being able to address and present faculty concerns to the Board.
>
> 20. Defendants intentionally suspended and terminated Plaintiff and then indicated that because Plaintiff had been terminated from the University she was no longer able to represent the faculty before the Board of Trustees.
>
> 21. Defendants suspension and termination of Plaintiff included the express purpose of inflicting intentional emotional distress.
>
> 22. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff was hospitalized and suffered mental anguish. pain and suffering, humiliation and continues to suffer damages and expenses, and loss of health and status and benefits in an amount according to proof.

Plaintiff alleges no actions which, if proven, would make the instant case anything but a complaint that she was terminated without just cause under the CBA.

Plaintiff's reliance upon *O'Shea v. Detroit News*, 887 F.2d 683 (6th Cir. 1989) and *Callender v. Wilberforce University*, 2000-cv-474 (Greene County, Ohio, Court of Common

Pleas 2000)(Rose, J.), is misplaced.  Both of these cases involved allegations of a tort independent of the violation of a CBA.   In *O'Shea*, "the [Defendant] could have tortiously caused [Plaintiff] emotional distress without violating the contract."  887 F.2d at 687.  In the earlier *Callender* case, Plaintiff asserted a claim fraud perpetrated during the process of hiring her.

In this case, however, Plaintiff decries the decision to terminate her as having inflicted emotional distress intentionally.  This claim is preempted by the CBA.  "[T]o hold otherwise, would undermine the preemption doctrine."  *Farmer,* 430 U.S. at 305.

Because all of Plaintiff's state law claims are preempted, Plaintiff's Motion to Reconsider is **DENIED.**

**DONE** and **ORDERED** in Dayton, Ohio, on Wednesday, September 17, 2008.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE